# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

THOMAS G. WROCKLAGE,

          Appellant,

      v.

DEPARTMENT OF HOMELAND
    SECURITY,

          Agency.

DOCKET NUMBER
CH-0752-11-0752-M-1

DATE: April 10, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Bonnie Brownell</u>, Esquire, Washington, D.C., for the appellant.

<u>Chris Yokus</u>, Detroit, Michigan, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      This case is before the Board on remand from the U.S. Court of Appeals for the Federal Circuit (Federal Circuit). The court vacated our prior decision and instructed us to determine the appropriate penalty to be imposed for the sole remaining charge. *Wrocklage v. Department of Homeland Security*, 769 F.3d

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[1363](#), 1365, 1370-71 (Fed. Cir. 2014); *see Wrocklage v. Department of Homeland Security*, MSPB Docket No. CH-0752-11-0752-I-1, Final Order (June 12, 2013) (hereinafter "Final Order"). For the reasons set forth herein, we ORDER the agency to cancel the removal action, substitute a 14-day suspension, and restore the appellant effective July 1, 2011.

## BACKGROUND

¶2     The appellant was removed effective July 1, 2011, based on three charges: Improper Possession of TECS[2] Information (one specification), Unauthorized Disclosure of TECS Information (one specification), and Lack of Candor (two specifications). MSPB Docket No. CH-0752-11-0752-I-1, Initial Appeal File (IAF), Tab 6, Subtabs 4b, 4f. These charges pertained to his allegations that agency personnel had levied an excessive fine against an elderly couple who inadvertently failed to declare certain agricultural products when they re-entered the United States from Canada via the Sault Ste. Marie border crossing. *See id.*, Subtab 4g at 14-15.

¶3     The administrative judge affirmed the removal action. IAF, Tab 26, Initial Decision (ID) at 1, 8. The appellant petitioned the Board for review based in large part on an affirmative defense of whistleblowing, and the Board affirmed the initial decision. Final Order at 2, 11. He then appealed to the Federal Circuit. He did not challenge the Board's finding as to the first charge, Unauthorized Disclosure of TECS Information, but did challenge the findings for the second and third charges. *Wrocklage*, 769 F.3d at 1366-67, 1370. The court found that the second and third charges were not supported by substantial evidence. *Id.* at 1369-70. The court vacated the penalty of removal and

---

[2] TECS, or the Treasury Enforcement Communication System, is an online database that allows users to access information relevant to the agency's law enforcement mission from several different databases related to law enforcement, inspection, and intelligence. TECS includes the agency's information about persons entering the United States from abroad. Initial Appeal File, Tab 6, Subtab 4f at 1, Tab 12 at 1, 3.

remanded the case for reconsideration of the penalty. *Id.* at 1370-71. Because the record is well-developed, we may address the issue without further remand.

¶4 When some but not all charges are sustained in a chapter 75 appeal, the Board will consider carefully whether the sustained charges merited the penalty imposed by the agency. *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 308 (1981). The Board may mitigate the agency's penalty to the maximum reasonable penalty so long as the agency has not indicated either in its final decision or in proceedings before the Board that it desires for a lesser penalty to be imposed if fewer than all of the charges are sustained. *Lachance v. Devall*, 178 F.3d 1246, 1260 (Fed. Cir. 1999).

¶5 Although it is by no means an exhaustive list, the Board considers the following factors to be relevant in penalty determinations: (1) the nature and seriousness of the offense, and its relation to the employee's duties, position, and responsibilities, including whether the offense was intentional or technical or inadvertent, or was committed maliciously or for gain, or was frequently repeated; (2) the employee's job level and type of employment, including supervisory or fiduciary role, contacts with the public, and prominence of the position; (3) the employee's past disciplinary record; (4) the employee's past work record, including length of service, performance on the job, ability to get along with fellow workers, and dependability; (5) the effect of the offense upon the employee's ability to perform at a satisfactory level and its effect upon supervisors' confidence in the employee's ability to perform assigned duties; (6) consistency of the penalty with those imposed upon other employees for the same or similar offenses; (7) consistency of the penalty with any applicable agency table of penalties; (8) the notoriety of the offense or its impact upon the reputation of the agency; (9) the clarity with which the employee was on notice of any rules that were violated in committing the offense, or had been warned about the conduct in question; (10) potential for the employee's rehabilitation; (11) mitigating circumstances surrounding the offense such as unusual job

tensions, personality problems, mental impairment, harassment, or bad faith, malice or provocation on the part of others involved in the matter; and (12) the adequacy and effectiveness of alternative sanctions to deter such conduct in the future by the employee or others. *Douglas*, 5 M.S.P.R. at 305-06.

¶6     Although the agency argued in favor of removal, the court precludes consideration of that penalty. *See Wrocklage*, 679 F.3d at 1371. The court noted that neither the administrative judge nor the Board made any findings regarding a lesser penalty for the first charge alone.[3] *Id.* The agency *has*, however, explained that the remaining charge is a serious one. *See* IAF, Tab 6, Subtab 4b at 2. The appellant received yearly training regarding the security and integrity of the TECS system, which addressed his responsibility to "protect the privacy of those individuals whose information is stored herein." *Id.* The printout in question contained identifying information about an individual, including name, social security number, date of birth, and license plate number. *Id.*; *see id.*, Subtab 4g at 17. The agency additionally considered that the appellant had been previously suspended for 21 days for other misconduct. *Id.*, Subtab 4b at 2; *see id.*, Subtab 4h.

¶7     The court noted, however, that the administrative judge made no findings regarding whether the appellant *intentionally* took the TECS reports home, which is a proper consideration under the *Douglas* factors. *Wrocklage*, 769 F.3d at 1371; *see Douglas*, 5 M.S.P.R. at 305-06. The court also noted that the Board should consider the appellant's self-reporting of his conduct as a mitigating factor. *Wrockage*, 769 F.3d at 1371. The appellant's length of service and successful performance record are also mitigating factors. *See* IAF, Tab 6, Subtab 4b at 2.

¶8     As the court explained, the agency's Table of Offenses and Penalties shows a range of penalties from a written reprimand to a 14-day suspension for a first

---

[3] Indeed, the agency argued before the administrative judge that each charge independently supported the penalty of removal. *See* IAF, Tab 24 at 24.

offense such as this one. *See* IAF, Tab 6, Subtab 4k at 10. Although the table is not binding in these circumstances,[4] we believe that it provides useful guidance here. The appellant's misconduct was serious. Even if the agency did not prove intentional misconduct, users of federal information systems that include personally-identifiable information bear a great responsibility for protecting such information. Although the appellant's offense is his first one of this nature, he has been disciplined previously. Accordingly, consistent with agency guidance, we find that a 14-day suspension is the maximum reasonable penalty under the circumstances.

## ORDER

¶9      We ORDER the agency to cancel the removal action and substitute a 14-day suspension and to restore the appellant effective July 1, 2011. *See Kerr v. National Endowment for the Arts*, 726 F.2d 730 (Fed. Cir. 1984). The agency must complete this action no later than 20 days after the date of this decision.

¶10      We also ORDER the agency to pay the appellant the correct amount of back pay, interest on back pay, and other benefits under the Office of Personnel Management's regulations, no later than 60 calendar days after the date of this decision. We ORDER the appellant to cooperate in good faith in the agency's efforts to calculate the amount of back pay, interest, and benefits due, and to provide all necessary information the agency requests to help it carry out the Board's Order. If there is a dispute about the amount of back pay, interest due,

---

[4] The Table of Offenses and Penalties states that it "serves as a guide to managers, supervisors, and practitioners in assessing the appropriate penalties for common types of misconduct," but is "not a set of mandatory rules" and "does not relieve supervisors and managers of the responsibility of using good judgment when applying it to disciplinary situations." IAF, Tab 6, Subtab 4k at 1. If an agency's table of penalties was not issued as a formal regulation, it binds the agency only if the circumstances, including whether the agency treated it as binding, indicate that the agency intended to be bound by it. The primary consideration in that determination is whether the text itself indicates that it was intended to be binding. *Farrell v. Department of the Interior*, 314 F.3d 584, 590-91 (Fed. Cir. 2002).

and/or other benefits, we ORDER the agency to pay the appellant the undisputed amount no later than 60 calendar days after the date of this decision.

¶11    We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it took to carry out the Board's Order.  The appellant, if not notified, should ask the agency about its progress.  *See* 5 C.F.R. § 1201.181(b).

¶12    No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that the agency did not fully carry out the Board's Order.  The petition should contain specific reasons why the appellant believes that the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency.  5 C.F.R. § 1201.182(a).

¶13    For agencies whose payroll is administered by either the National Finance Center of the Department of Agriculture (NFC) or the Defense Finance and Accounting Service (DFAS), two lists of the information and documentation necessary to process payments and adjustments resulting from a Board decision are attached.  The agency is ORDERED to timely provide DFAS or NFC with all documentation necessary to process payments and adjustments resulting from the Board's decision in accordance with the attached lists so that payment can be made within the 60-day period set forth above.

### NOTICE TO THE APPELLANT REGARDING YOUR RIGHT TO REQUEST ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs.  To be paid, you must meet the requirements set out at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g).  The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203.  If you believe you meet these requirements, you must file a motion for attorney fees

WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your attorney fees motion with the office that issued the initial decision on your appeal.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request the United States Court of Appeals for the Federal Circuit to review this final decision.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the United States Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff.

Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                              _____
                                            William D. Spencer
                                            Clerk of the Board

Washington, D.C.

|  | **DFAS CHECKLIST**<br><br>**INFORMATION REQUIRED BY DFAS IN ORDER TO PROCESS PAYMENTS AGREED UPON IN SETTLEMENT CASES OR AS ORDERED BY THE MERIT SYSTEMS PROTECTION BOARD** |
|---|---|

## CIVILIAN PERSONNEL OFFICE MUST NOTIFY CIVILIAN PAYROLL OFFICE VIA COMMAND LETTER WITH THE FOLLOWING:

1. Statement if Unemployment Benefits are to be deducted, with dollar amount, address and POC to send.

2. Statement that employee was counseled concerning Health Benefits and TSP and the election forms if necessary.

3. Statement concerning entitlement to overtime, night differential, shift premium, Sunday Premium, etc, with number of hours and dates for each entitlement.

4. If Back Pay Settlement was prior to conversion to DCPS (Defense Civilian Pay System), a statement certifying any lump sum payment with number of hours and amount paid and/or any severance pay that was paid with dollar amount.

5. Statement if interest is payable with beginning date of accrual.

6. Corrected Time and Attendance if applicable.

## ATTACHMENTS TO THE LETTER SHOULD BE AS FOLLOWS:

1. Copy of Settlement Agreement and/or the MSPB Order.

2. Corrected or cancelled SF 50's.

3. Election forms for Health Benefits and/or TSP if applicable.

4. Statement certified to be accurate by the employee which includes:

   a. Outside earnings with copies of W2's or statement from employer.
   b. Statement that employee was ready, willing and able to work during the period.
   c. Statement of erroneous payments employee received such as; lump sum leave, severance pay, VERA/VSIP, retirement annuity payments (if applicable) and if employee withdrew Retirement Funds.

5. If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.



## NATIONAL FINANCE CENTER CHECKLIST FOR BACK PAY CASES

Below is the information/documentation required by National Finance Center to process payments/adjustments agreed on in Back Pay Cases (settlements, restorations) or as ordered by the Merit Systems Protection Board, EEOC, and courts.

1. Initiate and submit AD-343 (Payroll/Action Request) with clear and concise information describing what to do in accordance with decision.

2. The following information must be included on AD-343 for Restoration:

    a.  Employee name and social security number.
    b.  Detailed explanation of request.
    c.  Valid agency accounting.
    d.  Authorized signature (Table 63)
    e.  If interest is to be included.
    f.  Check mailing address.
    g.  Indicate if case is prior to conversion.  Computations must be attached.
    h.  Indicate the amount of Severance and Lump Sum Annual Leave Payment to be collected. (if applicable)

## Attachments to AD-343

1.  Provide pay entitlement to include Overtime, Night Differential, Shift Premium, Sunday Premium, etc. with number of hours and dates for each entitlement. (if applicable)

2.  Copies of SF-50's (Personnel Actions) or list of salary adjustments/changes and amounts.

3.  Outside earnings documentation statement from agency.

4.  If employee received retirement annuity or unemployment, provide amount and address to return monies.

5.  Provide forms for FEGLI, FEHBA, or TSP deductions. (if applicable)

6.  If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.

7.  If employee retires at end of Restoration Period, provide hours of Lump Sum Annual Leave to be paid.

NOTE:  If prior to conversion, agency must attach Computation Worksheet by Pay Period and required data in 1-7 above.

The following information must be included on AD-343 for Settlement Cases: (Lump Sum Payment, Correction to Promotion, Wage Grade Increase, FLSA, etc.)

    a.  Must provide same data as in 2, a-g above.
    b.  Prior to conversion computation must be provided.
    c.  Lump Sum amount of Settlement, and if taxable or non-taxable.

If you have any questions or require clarification on the above, please contact NFC's Payroll/Personnel Operations at 504-255-4630.